**In re: Ronald G. JOHNSON, Petitioner.**

No. 09–2201.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. May 21, 2009.

Filed: July 15, 2009.

Ronald G. Johnson, Wilmington, DE, pro se.

Office of Attorney General, Dover, DE, Judith A. Hildick, Esq., Julie M. Sebring, Esq., New Castle County Law Department, New Castle, DE, Ronald Stoner, Esq., Newark, DE, for Respondents.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

In April 2009, Ronald G. Johnson filed this pro se mandamus petition seeking an order that the District Court grant him a jury trial and schedule depositions of the officers involved in the incident that gave rise to a 42 U.S.C. § 1983 civil rights complaint he filed in 2006. In May 2009, Johnson filed an amendment to his petition for a writ of mandamus, seeking orders from this Court directing a second Judge in the same District Court to schedule trial dates in two additional and unrelated civil rights cases.

The Supreme Court has held that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations ... only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). In the habeas corpus context, at least, we have explained that "at some point, delay by the district court could become so excessive as to warrant the issuance of a writ of mandamus." *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998).

### I.

In *Johnson v. Alfree, et. al.,* D.Del. 06–cv–240, Johnson seeks an order from this Court directing the District Court to order the scheduling of depositions of the police officer defendants. In January 2009, Johnson filed a Notice of Deposition requesting that the Court order the defendant officers to submit to depositions. The District Court issued a scheduling order on April 21, 2008, ordering defendants to respond to Johnson's discovery requests. With respect to the requested depositions, the Order stated: "in lieu of taking depositions (D.I.73), plaintiff may submit, on or before May 19, 2008, no more than ten (10) written questions per defendant, which questions will be submitted to such identified deponents by the court at a time and place to be designated by subsequent order." To date, Johnson has not submit any written questions for the defendants to the District Court.

Johnson also seeks an order directing the District Court to schedule a jury trial. Johnson filed a demand for a jury trial with the District Court on April 16, 2009. A mere ten days elapsed between Johnson's demand for a jury trial and his filing of the instant petition for a writ of mandamus. Prior to Johnson's demand, the District Court issued a scheduling order setting a deadline for the filing of dispositive motions, and on April 29, 2009, the District Court ordered the matter referred to the Federal Civil Panel so that a lawyer could be appointed to represent Johnson pro bono. In an accompanying order, the District Court scheduled a telephone conference for July 30, 2009, so that final preparations for trial could be made. As the District Court is proceeding appropriately

with Johnson's claims, no extraordinary circumstances are present here. Accordingly, we will deny the petition for a writ of mandamus as to the claims relating to *Johnson v. Alfree, et. al.*

## II.

In *Johnson v. Bingnear, et. al.,* D.Del. 08–cv–196, Johnson alleges that he was subject to a false arrest and malicious prosecution, and that his civil rights were violated as a result. The Complaint was filed on April 7, 2008. Discovery has not yet begun and no scheduling order has been issued to date. On April 29, 2009, Johnson filed a demand for a jury trial moving the District Court to set a trial date. A mere nine days elapsed between Johnson's demand for a jury trial and his filing of the amendment to his petition for a writ of mandamus. Given that Johnson's demand that the District Court schedule a trial date was filed so recently, we do not find that there has been a delay that warrants the issuance of a writ of mandamus as to this case. We are confidant that the District Court will promptly proceed by issuing a scheduling order. Should, however, no scheduling order issue in the next ninety days, Johnson may submit a new

petition for a writ of mandamus at that time.

## III.

In *Johnson v. 6 Unidentified City of Wilmington Police Officers,* D.Del. 08–cv–479, initiated by Johnson on August 1, 2008, he complains that his Fourth Amendment rights were violated when police officers entered his home without permission or a warrant and that the arresting officers used excessive force when they arrested him. The procedural history of this case mirrors that of the procedural history in *Johnson v. Bingnear, et. al..* Accordingly, we again conclude that there has been no delay that warrants the issuance of a writ of mandamus as to this case. We are equally confidant that the District Court will promptly proceed by issuing a scheduling order in this matter. Johnson may, however, submit a new petition for a writ of mandamus if no scheduling order has been issued within ninety days of this opinion.